UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80856-Civ-Marra

AMY HACKNEY,

Plaintiff,

vs.

JACK DAUBERT, M.D., P.A. d/b/a
FLORIDA VISION INSTITUTE,
a Florida corporation,

Defendant.
_____/

**ORDER**

This cause is before the Court upon Defendant's Motion to Tax Costs (DE 102). Plaintiff filed a response in opposition to some of the costs sought (DE 103). No reply memorandum has been filed. The Court has carefully considered the motion and is otherwise fully advised in the premises.

Defendant seeks costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920.

The particular items that may be taxed as costs are set out in 28 U.S.C. § 1920:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Although the decision to award costs is discretionary with the Court, it may only tax those items specifically enumerated in 28 U.S.C. § 1920, absent alternative statutory authority. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987); EEOC v. W & O, Inc., 213 F.3d 600, 620 (11th Cir. 2000).

Defendant seeks to recover private process server fees as costs. The Eleventh Circuit has held that § 1920(1), read in conjunction with 28 U.S.C. § 1921, authorizes a court to tax private process servers fees as costs, provided that their rates do not exceed the cost of having the U.S. Marshal's Service effectuate service. W & O, Inc., 213 F.3d at 623-24. When the U.S. Marshal's Service serves process, its rate is $55 per hour for each item served, plus travel costs and any other out-of-pocket expenses. See 28 C.F.R. § 0.114(a)(3) (setting costs for service of process).

Specifically, Defendant seeks reimbursement for the service of a total of seven subpoenas in the amount of $243.35. Several of these charges exceed the amount charged by the U.S. Marshal Service and Defendant has not substantiated, by way of affidavit, that more than one hour of time was needed to effectuate service. Moreover, Defendant also seeks additional fees for same day service, which the Court will not award. Finally, the Court will not award costs for witnesses who did not appear at trial. Hence, the Court's award is as follows:

| | |
|---|---|
| U.S. District Records Custodian | $40.00 |
| Julia Borghese subpoena | $30.00 |
| Jenny Frank subpoena | $30.00 |

| | |
|---|---|
| Cindy Ralph subpoena | $30.00 |
| Tayna Cosme subpoena | $30.00 |
| **Total** | **$160.00** |

Next, the Court will address the fees Defendant seeks for depositions. Under 28 U.S.C. § 1920, taxable costs may include fees of the court reporter for "all and any part of the stenographic transcript necessarily obtained for use in the case." The Eleventh Circuit has held that the taxation of deposition costs comes from the parameters of this section. United States Equal Employment Opportunity Commission v. W & O, Inc., 213 F.3d 600, 620 (11th Cir. 2000). ("Though 1920(2) does not specifically mention a deposition . . . depositions are included by implication in the phrase 'stenographic transcript.'") "The question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially 'necessarily obtained for use in the case.'" Id. at 620-21. "[A] deposition taken within the proper bounds of discovery will normally be deemed to be 'necessarily obtained for use in the case' and its costs will be taxed unless the opposing party interposes a specific objection that the deposition was improperly taken or unduly prolonged." George R. Hall, Inc. v. Superior Trucking Co., 532 F. Supp. 985, 994 (N.D. Ga. 1982) quoting Jeffries v. Ga. Residential Fin. Auth., 90 F.R.D. 62, 63 (N.D. Ga. 1981). By contrast, "where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." W & O, 213 F.3d at 620 quoting Goodwall Const. Co. v. Beers Const. Co., 824 F. Supp. 1044, 1066 (N.D. Ga. 1992), aff'd, 991 F.2d 751 (Fed. Cir. 1993). "Lastly, recoverable costs include attendance fees of the court reporter or per diem. George v. Florida Dept. of Corrections, No.07-80019-CIV, 2008 WL 2571348, at * 5 (S.D. Fla. May 23,

2008).  With respect to the recovery of delivery fees associated with transcripts, these fees may be recovered if the party seeking the fees demonstrates that the delivery costs associated with the transcripts was not merely for counsel's convenience, but, instead, constituted a necessary expense. Id. at * 6.

While the Court will award Defendant fees for depositions, it will not award Defendant the fees for electronic transcripts or expedited transcripts.  Nor will the Court award video transcripts of witness Samantha Hudnell because Defendant could have opted to read her transcript at trial.  The Court will award Defendant for Ms. Hudnall's non-video deposition. The Court will also not award the duplicate transcripts of Plaintiff and Ms. Shabareck.  Thus, the award for witness depositions is as follows:

| Witness | Amount |
| --- | --- |
| Dave Lienhardt | $275.15 |
| Erin Shabareck | $552.35 |
| Julia Borghese | $254.90 |
| Samantha Hudnall | $808.30 |
| Jenny Ralph | $129.60 |
| Jenny Frank | $137.70 |
| Cindy Ralph | $226.55 |
| Amy Hackney | $1,130.80 |
| Tayna Cosme | $107.10 |
| Wally Santos | $92.45 |
| **Total** | **$3714.90** |

With respect to costs for witness fees, the Eleventh Circuit has stated that "[a] witness

who appears before a federal court . . . is entitled to fees and allowances, including an attendance fee of $40 per day for each day's attendance." Morrison v. Reichold Chemicals, Inc., 97 F.3d 460, 463 (11th Cir. 1996) citing 28 U.S.C. § 1821(a)(1) & (b) (internal quotation marks omitted). Travel and subsistence fees may also be awarded. 28 U.S.C. § 1821. The Court will award the witness and mileage fees for Kathy Clark, Christina Rodriguez, Julia Borghese, Jenny Frank, Cindy Ralph, Tanya Cosme and the U.S. district records custodian, which totals $ 397.73.[1]

Lastly, photocopying are considered a taxable cost pursuant to 28 U.S.C. § 1920 if they are necessarily obtained for use in the case. See McGregor v. Board of County Commissioners for Palm Beach County, 130 F.R.D. 464, 465 (S.D. Fla. 1990). The Eleventh Circuit has instructed that "in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." W & O, 213 F.3d at 623. It is not necessary that photocopies be used at trial or in any papers filed with the court to be taxable. Id. (rejecting argument that photocopies were not necessary because they were not used as court exhibits nor furnished to the court or opposing counsel). Charges for photocopies made merely for the convenience of counsel or the parties, however, are not taxable. Blevins v. Heilig-Meyers Corp., 184 F.R.D. 663, 668 (M.D. Ala. 1999); Desisto College v. Town of Howey-in-the-Hills, 718 F. Supp. 906, 913 (M.D. Fla.1989), aff'd, 914 F.2d 267 (11th Cir.1990); Allen v. Freeman, 122 F.R.D. 589, 591 (S.D. Fla. 1988). Based on the Court's familiarity with the case, and the parties' agreement, the Court will award Defendant $150.00 in photocopying costs.

---

[1] The Court notes that Plaintiff does not challenge these fees.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Tax Costs (DE 102) is **GRANTED IN PART AND DENIED IN PART.** The Court will separately enter judgment for Defendant in the amount of $4,422.63.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 7th day of August, 2012.

_____
KENNETH A. MARRA
United States District Judge